MATTHIAS MATTINGLY, ET AL., *v.* ELIZA E. WISEMAN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—347.]

**Husband and Wife—Wife's Property.**

When the wife owns notes and the husband reduces them to possession and on their renewal had them made payable to himself by the wife's consent, it is sufficiently shown that the notes have become the property of the husband, and a promise of the husband to the wife made after he becomes the owner of the notes will not authorize the chancellor to divest the husband of title.

APPEAL FROM HARDIN CIRCUIT COURT.

October 27, 1880.

OPINION BY JUDGE PRYOR:

There is much testimony in the record of conversations between Christian Wiseman and his wife as to the conveyance of the land in controversy, all conducing to show a promise on his part to have the deed made to his wife. That the husband may have made such a promise is probable, and the weight of the evidence leads to such a conclusion; but when he made the promise, or the consideration moving him to make it, does not appear. It is true that the money or notes paid on the land came by his wife, and for that reason the wife insisted, and the husband, to gratify her wishes, agreed to have the deed made as she desired. When he reduced the note of Grohagen to possession and renewed it payable to himself by the consent of the wife, there was no agreement that he was to hold it for the wife or invest it for her use; but, on the contrary, its renewal to the husband by the direction of the wife conduces to show her desire that he should have it, and if not, the note became the property of the husband, and he had the right to dispose of it as he saw proper.

Conversations between third parties and the husband touching the property that he derived through his wife as to the disposition he intended to make of it ought not to be construed into a contract, or regarded as evidence sufficient to authorize the chancellor to take from the husband the money or personal property that the latter has reduced to possession and apply it to the benefit of the wife's children; nor can a promise to the wife made after the husband becomes the absolute owner authorize the chancellor to divest the husband of title. There never was any marriage contract between the parties, and the only proof of a promise made by Wiseman was his declarations made long after he had reduced the note of Grohagen to his use and after he had purchased the land and obtained a conveyance.

The court below acted properly in dismissing the petition and the judgment is *affirmed*.

*A. B. Montgomery, James Montgomery, for appellants.*

*W. H. Chelf, for appellees.*